# EXHIBIT A

## PROMISSORY NOTE

$100,000.00                                                                July 5th, 2017
                                                                           Chicago, Illinois

1.      **Agreement to Pay.** FOR VALUE RECEIVED, CRAIG ARD, individually ("**Ard**"), and SPARTAN FIBER, LLC, a Texas limited liability company ("**Spartan**"; together with Ard are sometimes collectively referred to as "**Borrower**"), jointly and severally, hereby promises to pay to the order of Dash Management Inc., a Florida incorporated company ("**Lender**") the principal sum of One Hundred Thousand and 00/100 Dollars ($100,000.00) ("**Loan**") at the place and in the manner hereinafter provided, together with a bulk interest payment of Twelve Thousand and 00/100 Dollars ($12,000.00) (the "**Interest Payment**"), and any and all other amounts which may be due and payable hereunder from time to time, on or before September 16, 2017 (the "**Maturity Date**").

2.      **Security.** Intentionally deleted.

3.      **Events of Default.** The occurrence of any one or more of the following events shall constitute an "**Event of Default**" under this Note:

        3.1     the failure by Borrower to pay (i) the Interest Payment pursuant to this Note when due, or (ii) any other amount payable to Lender under this Note or any of the other Loan Documents when any such payment is due in accordance with the terms hereof or thereof; or

        3.2     the occurrence of the dissolution, insolvency, death or legal incompetency of Borrower; or

        3.3     the occurrence of any other default or event of default under the terms of this Note or any of the other Loan Documents; or

        3.4     the commencement of any involuntary petition in bankruptcy against Borrower, or the appointment of a receiver, trustee or similar officer for all or any substantial part of the property of Borrower which shall remain undismissed or undischarged for a period of sixty (60) days; or

        3.5     Borrower files a voluntary petition in bankruptcy or is adjudicated a bankrupt or insolvent, or any substantial part of the property of Borrower or all or a substantial part of the assets of Borrower are attached, seized, subjected to a writ or distress warrant or are levied upon unless the same is released or located within thirty (30) days.

4.      **Remedies.** At the election of the holder hereof, and with notice, the principal balance remaining unpaid under this Note, the Interest Payment and all unpaid interest accrued thereon and any other amounts due hereunder, shall be and become immediately due and payable in full upon the occurrence of any Event of Default. Failure to exercise this option shall not constitute a waiver of the right to exercise same in the event of any subsequent Event of Default. No holder hereof shall, by any act of omission or commission, be deemed to waive any of its rights, remedies or powers hereunder or otherwise unless such waiver is in writing and signed by the holder hereof, and then only to the extent specifically set forth therein. The rights, remedies and powers of the holder hereof, as provided in this Note and in all of the other Loan Documents are cumulative and concurrent, and may be pursued singly, successively or together against Borrower and any other security given at any time to secure the repayment hereof, all at the sole discretion of the holder hereof. If any suit or action is instituted or attorneys are employed to collect this Note or any part hereof, Borrower promises and agrees to pay all costs of collection, including reasonable attorneys'

fees and court costs, including fees and costs incurred in bankruptcy, insolvency and/or other similar proceedings.

5. **Interest After Default**. While any Event of Default exists, Borrower promises to pay interest on the amount of principal due and outstanding hereunder, plus the Interest Payment, at the greater of 24% per annum or the highest rate permitted under applicable state law ("**Default Interest Rate**") and will be payable upon demand. All monies paid for any of the purposes authorized herein, together with unpaid interest, and all expenses paid or incurred in connection therewith, including, without limitation, attorneys' fees and court costs, and any other monies advanced by Lender, will be so much additional indebtedness secured hereby, and will become immediately due and payable by Borrower to Lender without notice and with interest thereon at the Default Interest Rate from the date an advance is made to and including the date the same is paid. Interest on this Note shall be calculated on the basis of a 360-day year and the actual number of days elapsed in any portion of a month in which interest is due.

6. **Payment Terms**.

6.1 **Application of Payments**. Prior to the occurrence of an Event of Default, all payments and prepayments on account of the indebtedness evidenced by this Note shall be applied as follows: (a) first, to fees, expenses, costs and other similar amounts then due and payable to Lender, including, without limitation any late charges due hereunder; (b) second, to accrued and unpaid interest on the principal balance of this Note; (c) third, to any other amounts then due Lender hereunder; and (d) last, to the unpaid principal balance of this Note in the inverse order of maturity. Any prepayment on account of the indebtedness evidenced by this Note shall not extend or postpone the due date or reduce the amount of the Interest Payment. After an Event of Default has occurred and is continuing, payments may be applied by Lender to amounts owed hereunder in such order as Lender shall determine, in its sole discretion.

6.2 **Method of Payments**. All payments of principal and interest hereunder shall be paid by wire transfer, check or in coin or currency which, at the time or times of payment, is the legal tender for public and private debts in the United States of America and shall be made at Lender's address set forth in this Note. Payment made by check shall be deemed paid on the date Lender receives such check; provided, however, that if such check is subsequently returned to Lender unpaid due to insufficient funds or otherwise, the payment shall not be deemed to have been made and shall continue to bear interest until collected

6.3 **Late Charge**. For any amount of the principal or Interest Payment that remains outstanding on the Maturity Date (the "**Outstanding Amount**"), Borrower will pay Lender a daily late charge computed as follows: .25% of the Outstanding Amount, to defray part of the increased cost of collecting the late payments and the opportunity cost incurred by Lender because of the unavailability of the funds. Borrower recognizes that if any such payments are not made after they become due and payable, Lender will incur extra expenses in handling the delinquent payment, the exact amount of which is impossible to ascertain, but that the late charge set forth in this Section would be a reasonable estimate of the expense so incurred, does not constitute interest, and is not a penalty.

6.4 **Prepayment**. Provided that no Event of Default then exists, Borrower may voluntarily prepay the principal balance of this Note, in whole but not in part, at any time on or after the date hereof.

7. **Covenants and Waivers**. Borrower and all others who now or may at any time become liable for all or any part of the obligations evidenced hereby, expressly agree hereby to be jointly and severally bound, and jointly and severally: (i) waive and renounce any and all redemption and exemption rights and the benefit of all valuation and appraisement privileges against the indebtedness evidenced by

Page 2

this Note or by any extension or renewal hereof; (ii) waive presentment and demand for payment, notices of nonpayment and of dishonor, protest of dishonor, and notice of protest; (iii) waive any and all notices in connection with the delivery and acceptance hereof and all other notices in connection with the performance, default, or enforcement of the payment hereof or hereunder; (iv) waive any and all lack of diligence and delays in the enforcement of the payment hereof; (v) agree that the liability of each Borrower, guarantor, endorser or obligor shall be unconditional and without regard to the liability of any other person or entity for the payment hereof, and shall not in any manner be affected by any indulgence or forbearance granted or consented to by Lender to any of them with respect hereto; (vi) consent to any and all extensions of time, renewals, waivers, or modifications that may be granted by Lender with respect to the payment or other provisions hereof, and to the release of any security at any time given for the payment hereof, or any part thereof, with or without substitution, and to the release of any person or entity liable for the payment hereof; and (vii) consent to the addition of any and all other makers, endorsers, guarantors, and other obligors for the payment hereof, and to the acceptance of any and all other security for the payment hereof, and agree that the addition of any such makers, endorsers, guarantors or other obligors, or security shall not affect the liability of Borrower, any guarantor and all others now liable for all or any part of the obligations evidenced hereby. This provision is a material inducement for Lender making the Loan to Borrower.

8. **Other General Agreements.**

    8.1    The Loan is a business loan which comes within the purview of Section 205/4, paragraph (1)(c) of Chapter 815 of the Illinois Compiled Statutes, as amended. Borrower agrees that the Loan evidenced by this Note is an exempted transaction under the Truth In Lending Act, 15 U.S.C., §1601, et seq.

    8.2    Time is of the essence hereof and in the other Loan Documents.

    8.3    This Note is governed and controlled as to validity, enforcement, interpretation, construction, effect and in all other respects by the statutes, laws and decisions of the State of Illinois. This Note may not be changed or amended orally but only by an instrument in writing signed by the party against whom enforcement of the change or amendment is sought.

    8.4    Lender shall not be construed for any purpose to be a partner, joint venturer, agent or associate of Borrower or of any lessee, operator, concessionaire or licensee of Borrower in the conduct of its business, and by the execution of this Note, Borrower agrees to indemnify, defend, and hold Lender harmless from and against any and all damages, costs, expenses and liability that may be incurred by Lender as a result of a claim that Lender is such partner, joint venturer, agent or associate.

    8.5    This Note has been made and delivered at Chicago, Illinois and all funds disbursed to or for the benefit of Borrower will be disbursed in Chicago, Illinois.

    8.6    If this Note is executed by more than one party, the obligations and liabilities of each Borrower under this Note shall be joint and several and shall be binding upon and enforceable against each Borrower and their respective successors and assigns. This Note shall inure to the benefit of and may be enforced by Lender and its successors and assigns.

    8.7    If any provision of this Note is deemed to be invalid by reason of the operation of law, or by reason of the interpretation placed thereon by any administrative agency or any court, Borrower and Lender shall negotiate an equitable adjustment in the provisions of the same in order to effect, to the maximum extent permitted by law, the purpose of this and the validity and enforceability of the remaining provisions, or portions or applications thereof, shall not be affected thereby and shall remain in full force and effect.

8.8 If the interest provisions herein shall result, at any time during the Loan, in an effective rate of interest which, for any month, exceeds the limit of usury or other laws applicable to the Loan, all sums in excess of those lawfully collectible as interest of the period in question shall, without further agreement or notice between or by any party hereto, be applied upon principal immediately upon receipt of such monies by Lender, with the same force and effect as though the payer has specifically designated such extra sums to be so applied to principal and Lender had agreed to accept such extra payment(s) as a premium-free prepayment. Notwithstanding the foregoing, however, Lender may at any time and from time to time elect by notice in writing to Borrower to reduce or limit the collection to such sums which, when added to the said first-stated interest, shall not result in any payments toward principal in accordance with the requirements of the preceding sentence.

8.9 Lender may at any time assign its rights in this Note or any of the other Loan Documents, or any part thereof, and transfer its rights in any or all of the collateral, and Lender thereafter shall be relieved from all liability with respect to such collateral. Borrower may not assign its interest in this Note, or any other agreement with Lender or any portion thereof, either voluntarily or by operation of law, without the prior written consent of Lender.

9. **Notices.** Each notice permitted or required pursuant to this Note must be in writing and will be deemed to have been properly given: (a) upon delivery, if delivered in person or sent by facsimile with receipt acknowledged; (b) on the third business day following the day such notice is deposited in any United States post office or letter box if mailed by certified mail, return receipt requested, postage prepaid; (c) on the first business day following the day such notice is delivered to a nationally-recognized overnight courier service; or (d) upon delivery if sent via electronic mail (with a hard copy to immediately follow via facsimile) and addressed to the party to whom such notice is intended, as set forth below:

To Lender:
Daniel Barnett
DASH MANAGEMENT INC.
1751 Lake Cook Road, Suite 600
Deerfield, Illinois 60015
Facsimile: _____
Email:

With a copy to:
Carter A. Korey, Esq.
KOREY RICHARDSON LLC
20 South Clark Street, Suite 500
Chicago, Illinois 60603
Facsimile: 312.372.7076
Email: ckorey@koreyrichardsonlaw.com

To Borrower:
Craig Ard
SPARTAN FIBER LLC
113 South River Street, Suite 202
Seguin, Texas 78155
Facsimile: 830-433-4618
Email: craig.ard@spartanfiberus.com

Either Borrower or Lender may designate a different address for notice purposes by giving notice thereof in accordance with this paragraph; provided, however, that such notice shall not be deemed to have been given until such notice shall be actually received by the addressee.

Page 4

10. <u>Consent to Jurisdiction.</u> TO INDUCE LENDER TO ACCEPT THIS NOTE, BORROWER IRREVOCABLY AGREES THAT, SUBJECT TO LENDER'S SOLE AND ABSOLUTE ELECTION, ALL ACTIONS OR PROCEEDINGS IN ANY WAY ARISING OUT OF OR RELATED TO THIS NOTE AND THE OTHER LOAN DOCUMENTS WILL BE LITIGATED IN COURTS HAVING SITUS IN CHICAGO, ILLINOIS. BORROWER HEREBY CONSENTS AND SUBMITS TO THE JURISDICTION OF ANY COURT LOCATED WITHIN CHICAGO, ILLINOIS, WAIVES PERSONAL SERVICE OF PROCESS UPON BORROWER, AND AGREES THAT ALL SUCH SERVICE OF PROCESS MAY BE MADE BY REGISTERED MAIL DIRECTED TO BORROWER AT THE ADDRESS STATED IN THIS NOTE AND SERVICE SO MADE WILL BE DEEMED TO BE COMPLETED UPON ACTUAL RECEIPT.

11. <u>Waiver of Jury Trial.</u> BORROWER AND LENDER (BY ACCEPTANCE OF THIS NOTE), HAVING BEEN REPRESENTED BY COUNSEL, EACH KNOWINGLY AND VOLUNTARILY WAIVES ANY RIGHT TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING TO ENFORCE OR DEFEND ANY RIGHTS (a) UNDER THIS NOTE OR ANY RELATED AGREEMENT OR UNDER ANY AMENDMENT, INSTRUMENT, DOCUMENT OR AGREEMENT DELIVERED OR WHICH MAY IN THE FUTURE BE DELIVERED IN CONNECTION WITH THIS NOTE OR (b) ARISING FROM ANY BANKING RELATIONSHIP EXISTING IN CONNECTION WITH THIS NOTE, AND AGREES THAT ANY SUCH ACTION OR PROCEEDING WILL BE TRIED BEFORE A COURT AND NOT BEFORE A JURY. BORROWER AGREES THAT IT WILL NOT ASSERT ANY CLAIM AGAINST LENDER ON ANY THEORY OF LIABILITY FOR SPECIAL, INDIRECT, CONSEQUENTIAL, INCIDENTAL OR PUNITIVE DAMAGES.

IN WITNESS WHEREOF, Borrower has executed and delivered this Promissory Note as of the day and year first written above.

| BORROWER: | SPARTAN FIBER, LLC |
| --- | --- |
| *[signature]* | a Texas limited liability company |
| CRAIG ARD, individually | By: *[signature]* |
| | Craig Ard, |

